**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAREN GREEN, husband individually and on behalf of minor child; et al., <br><br>    Plaintiffs-Appellants, <br><br> v. <br><br> HEIDI LUTZ, individually, and as a State social worker; et al., <br><br>    Defendants-Appellees. | No.   14-35610 <br><br> D.C. No. 6:12-cv-00062-DLC <br><br><br> MEMORANDUM* |
| DAREN GREEN, husband individually and on behalf of minor child; et al., <br><br>    Plaintiffs-Appellees, <br><br> v. <br><br> HEIDI LUTZ, individually, and as a State social worker and DOROTHY FILSON, individually and as a DPHHS employee, <br><br>    Defendants-Appellants. | No.   14-35643 <br><br> D.C. No. 6:12-cv-00062-DLC |

Appeal from the United States District Court

---

        *      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

for the District of Montana
Dana L. Christensen, Chief Judge, Presiding

Argued and Submitted February 7, 2017
Seattle, Washington

Before: PAEZ and CALLAHAN, Circuit Judges, and ENGLAND,[**] District Judge.

Daren and Michelle Green, and their minor daughter, E.G. (referred to collectively as the "Greens"), appeal from a jury verdict holding that the Montana Department of Public Health and Human Services (the "Department") and its employees did not deprive the Greens of their right to family unity during the two-and-a-half years that E.G. was removed from her parents' custody. On appeal, the Greens assert that the district court abused its discretion in allowing Dr. Jenny and Sarah Corbally to testify, and in restricting the use of a state court decision on cross-examination. Two Department employees, Heidi Lutz and Dorothy Filson, cross-appeal from the district court's denial of qualified immunity. We affirm the jury verdict and therefore need not, and do not, address the cross-appeal.

The Greens have not shown that the district court abused its discretion in allowing Dr. Jenny and Sarah Corbally to testify as expert witnesses. A decision to admit or exclude expert testimony is reviewed for abuse of discretion. *Valdivia v.*

_____

[**] The Honorable Morrison C. England, Jr., United States District Judge for the Eastern District of California, sitting by designation.

*Schwarzenegger*, 599 F.3d 984, 993–94 (9th Cir. 2010); *Sullivan v. U.S. Dept. of Navy*, 365 F.3d 827, 832 (9th Cir. 2004). Lutz and Filson were alleged to have violated the Greens' fundamental right to family association. At issue, was whether Lutz and Filson acted with deliberate indifference. Accordingly, Lutz and Filson were entitled to present evidence, through their experts, that they were not deliberately indifferent—i.e., that it was reasonable for them to think that E.G. had been medically abused, that her health improved when she was removed from her parents, and that they properly handled the treatment plans while E.G. was in state custody. As such, the district court did not abuse its discretion in admitting the testimony of Dr. Jenny and Sarah Corbally. *See Kirkpatrick v. Cty. of Washoe*, 843 F.3d 784, 788 (9th Cir. 2016) (reiterating the two-prong analysis in qualified immunity cases: (1) whether the official's conducted violated a constitutional right; and (2) whether that right was "clearly established" at the time of the violation).

The Greens have not shown that the district court abused its discretion in not allowing the Greens to use the state court's December 14, 2007 Order in cross-examination. "Decisions limiting the scope of cross-examination are reviewed for an abuse of discretion." *Dorn v. Burlington N. Santa Fe R.R. Co.*, 397 F.3d 1183, 1192 (9th Cir. 2005). Many, if not most, of the witnesses' references were to prior state court orders and not the state court's December 14, 2007, Order. That Order,

which denied the Department's petition to terminate parental rights, did not determine whether the Department had proceeded in good faith.  The Greens have not shown that the district court abused its discretion in allowing testimony about what the state court judge did, but limiting references to the state court's December 14, 2007 Order.

The jury verdict is **AFFIRMED**, and the cross-appeal is dismissed as moot.